IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 5 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01550-BNB

KEVIN J. REZAC,

      Plaintiff,

v.

BILL OWENS, et al.,
WERMER, and
SANCHEZ,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Kevin J. Rezac is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Rezac has filed *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated. The court must construe the complaint liberally because Mr. Rezac is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Rezac will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient. First, Mr. Rezac fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Rezac asserts three claims for relief. In his first claim he complains that he has been denied

earned time credits since July 7, 2006. He apparently asserts this claim against Colorado Governor Bill Owens. However, he fails to allege specific facts to demonstrate that Governor Owens somehow is responsible for the denial of earned time credits since July 7.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Rezac must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rezac clearly asserts his second claim against Defendant Wermer and his third claim against Defendant Sanchez. Therefore, he will be ordered to file an amended complaint to allege specific facts demonstrating personal participation with respect to his first claim for relief.

Mr. Rezac also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Rezac must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Rezac has not exhausted administrative remedies for each of his claims, the entire complaint must be dismissed.

Mr. Rezac has submitted copies of administrative grievances regarding his claim against Defendant Sanchez. He has not submitted any grievances regarding his other two claims for relief and he has not described with specificity how he has exhausted administrative remedies for those other two claims. Mr. Rezac must clarify how he has exhausted administrative remedies for each claim if he wishes to pursue all three claims in this action. Accordingly, it is

ORDERED that Mr. Rezac file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Rezac, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Rezac fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED October 5, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01550-BNB

Kevin Rezac
Prisoner No. 58571
Colorado State Penitentiary
PO Box 777 - D1-13
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  10-5-06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk